IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAVI GOGNA et al. | : |
| | : |
| v. | : Civil Action No. DKC 24-2346 |
| | : |
| PHH MORTGAGE CORP. et al. | : |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this long-running property dispute are the motion to dismiss the complaint filed by Defendant PHH Mortgage Corporation ("PHH") (ECF No. 15), the motion to admit allegations in the amended complaint filed by Plaintiff Kamal Mustafa ("Mr. Mustafa") (ECF No. 22), the motion to strike PHH's reply filed by Plaintiffs Ravi Gogna ("Mr. Gogna") and Madhu Verma ("Ms. Verma") (ECF No. 28), and the motion requesting corporate disclosures from PHH filed by Mr. Gogna. (ECF No. 31). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, PHH's motion to dismiss will be granted, Mr. Mustafa's motion to admit allegations in the amended complaint will be denied as moot, Mr. Gogna and Ms. Verma's motion to strike will be denied, and Mr. Gogna's motion requesting corporate disclosures will be denied as moot. In addition, given the uniformity of claims against all defendants, the claims against the *pro se* defendants will also be dismissed.

I.    **Background**

    A.    **Factual Background**

    The following facts are alleged in the amended complaint, (ECF No. 6), appear in exhibits attached to the complaint, or are adjudicative facts that are matters of public record.[1]

    1.    **The Promissory Note and Deed of Trust**

    On January 20, 2006, Mr. Gogna purchased a property at 18600 Black Kettle Drive, Boyds, Maryland 20841 ("Property"). TBI Mortgage Company ("TBI") provided Mr. Gogna with a loan of $650,000. (ECF No. 6 ¶ 9). TBI prepared a Promissory Note and Deed of Trust related to the 2006 purchase of the Property. The Deed of Trust listed "18600 Black Kettle Drive" as the Property's address while the Promissory Note listed the Property's address as

---

[1] At the motion to dismiss stage, "'the court may consider . . . documents attached to the complaint as exhibits, and documents attached to a motion to dismiss if the document is integral to the complaint and there is no dispute about the document's authenticity.'" *Faulkenberry v. U.S. Dep't of Def.*, 670 F.Supp.3d 234, 249 (D.Md. 2023) (quoting *Reamer v. State Auto. Mut. Ins. Co.*, 556 F.Supp.3d 544, 549 (D.Md. 2021), *aff'd*, No. 21-2432, 2022 WL 17985700 (4th Cir. Dec. 29, 2022)). Additionally, the court may "consider 'matters of which a court may take judicial notice.'" *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). "[A] court may properly take judicial notice of matters of public record and other information that, under Federal Rule of Evidence 201, constitute adjudicative facts." *Id.* (quoting *Taylor v. Go-Getters, Inc.*, No. 20-cv-3624-ELH, 2022 WL 1127902, at *7 (D.Md. Apr. 15, 2022)).

"18600 Black Kettle Court."  (ECF No. 6 ¶¶ 11–13).[2]  TBI did not make any effort to remedy the discrepancies in the loan documents.

On November 5, 2009, the Deed of Trust was transferred and assigned to Deutsche Bank National Trust Company ("Deutsche Bank").  (ECF Nos. 1-4, at 2; 6 ¶¶ 18–19).[3]

### 2.   Prior Litigation

On February 2, 2010, the Substitute Trustees of the Property's Deed of Trust initiated a foreclosure action in the Circuit Court for Montgomery County, Maryland.  *See Gogna v. Curran*, No. 326303V (filed Feb. 2, 2010).[4]  On June 4, 2012, the substitute trustees filed a "Report of Sale" stating that they sold the Property to Deutsche Bank on May 30, 2012.  (ECF No. 1-7, at 12).  On November 8, 2013, the Circuit Court for Montgomery County ratified the sale. (ECF Nos. 1-7, at 11).  On June 21, 2013 — after the foreclosure sale took place — Mr. Gogna drafted a new deed naming both him and Ms. Verma as owners of the Property.  (ECF No. 1-5).

---

[2] The deed lists "Black Kettle Drive."  (ECF No. 6 ¶¶ 12). The note features the same address as the deed, but it has the word "Drive" scratched out and the word "Court" printed above it. (ECF No. 1-3, at 2).

[3] The court may consider exhibits attached to the initial complaint.  Local Rule 103.6.b.

[4] The substitute trustees (Deborah K. Curran, Laura H.G. O'Sullivan, Stephanie H. Hurley, and Aaron D. Neal) initially filed this suit.  In the court documents attached to the complaint, the case caption reads "*O'Sullivan v. Gogna*."  At some point, the parties switched places because the case is docketed as "*Gogna v. Curran*."

On March 4, 2018, Ms. Verma filed a petition for Chapter 13 bankruptcy relief, availing herself of various protections including an automatic stay on property foreclosures. *See In re Verma*, No. 18-12791-LSS (Bankr.D.Md. filed Mar. 4, 2018). On June 25, 2018, Deutsche Bank filed a motion with the Bankruptcy Court to lift the automatic stay, asserting that Ms. Verma had no legal interest in the Property. *Verma v. Deutsche Bank Tr. Co.*, No. 18-cv-3772-PWG, 2019 WL 3975458, at *1-2 (D.Md. Aug. 22, 2019), *aff'd sub nom., Verma v. Deutsche Bank Tr. Co. as Tr. of IndyMac INDX Mortg.*, 813 F.App'x 150 (4ᵗʰ Cir. 2020). On November 5, 2018, the Bankruptcy Court granted Deutsche Bank's motion to lift the automatic stay, allowing the foreclosure sale to stand. *Id.* at *2. The United States District Court for the District of Maryland and the United States Court of Appeals for the Fourth Circuit affirmed. *See id.; Verma*, 813 F.App'x at 150.

On January 18, 2019, Mr. Gogna and Ms. Verma drafted a new deed adding Mr. Mustafa as an owner of the Property. (ECF Nos. 1-6, at 2; 6 ¶ 23).

On May 27, 2021, Deutsche Bank, by its attorney-in-fact PHH, sold the Property to Jacques Francois and Nadia Allen (collectively, "Owners"). (ECF Nos. 6 ¶¶ 46-47; 1-9). On June 14, 2021, the Owners initiated a wrongful detainer action against Mr. Gogna and Ms. Verma in the District Court of Maryland. *Francois v. Verma et al.*, No. 06-01-0007183-2021 (filed June 14,

2021).  The court issued a warrant of restitution on November 30, 2021.  *Francois,* No. 06-01-0007183-2021 (Nov. 30, 2021) (order granting warrant of restitution).

Mr. Gogna and Ms. Verma removed the case to Bankruptcy Court, but it was dismissed for improper removal shortly thereafter because "a litigant may not remove a state action to federal court merely because the litigant thinks the state court has done something wrong or exercised jurisdiction incorrectly."  *In re Verma*, No. 22-cv-0452-DKC, 2022 WL 17850253, at *2 (D.Md. Dec. 22, 2022), *aff'd sub nom., Verma v. Francois*, No. 23-1084, 2023 WL 8183321 (4th Cir. Nov. 27, 2023).  The Bankruptcy Court decision was affirmed by both this court and the Fourth Circuit.  *See id.; Verma*, 2023 WL 8183321, at *1.

In 2024, the 2010 foreclosure case was dismissed for lack of prosecution.  *Gogna*, No. 326303V (June 11, 2024) (order dismissing for lack of prosecution).

Ms. Verma's 2018 bankruptcy case was also dismissed for "lack of good faith and abuse of process," and the dismissal was affirmed by this court and the Fourth Circuit Court.  *In re Verma*, No. 22-cv-779-DKC, 2022 WL 17850254 (D.Md. Dec. 22, 2022), *aff'd sub nom., Verma v. Herr*, No. 23-1099, 2023 WL 8183329 (4th Cir. Nov. 27, 2023).  The Bankruptcy Court imposed a two-year ban on refiling and imposed sanctions in the amount of $3,000, which this court and the Fourth Circuit also affirmed.  *In re Verma*, No. 22-cv-

1130-DKC, 2022 WL 17850255 (D.Md. Dec. 22, 2022), *aff'd sub nom.*, *Verma v. Staeven*, No. 23-1098, 2023 WL 8183320 (4th Cir. Nov. 27, 2023).

In 2024, Mr. Gogna initiated a wrongful detainer action in the District Court of Maryland. *See Gogna v. All Occupants*, No. D-06-CV-24-017269 (filed June 18, 2024). Before that case could proceed any further, however, Mr. Gogna voluntarily dismissed the case on August 5, 2024. *Gogna*, No. D-06-CV-24-017269 (Aug. 5, 2024) (notice of voluntary dismissal). Less than one week later, Mr. Gogna, Ms. Verma, and Mr. Mustafa (collectively, "Plaintiffs") brought this action against PHH and the Owners (collectively, "Defendants").

### B. Procedural Background

On August 13, 2024, Plaintiffs, proceeding *pro se*, filed the initial complaint. (ECF No. 1). On August 19, 2024, Plaintiffs filed an amended complaint. (ECF No. 6). On October 4, 2024, the Owners, proceeding *pro se*, filed an answer and requested that the court impose monetary sanctions against Plaintiffs for harassment. (ECF No. 14). On the same day, PHH filed a motion to dismiss. (ECF Nos. 15; 16). On October 7, 2024, Mr. Mustafa filed an opposition. (ECF No. 18). On October 21, 2024, PHH filed a reply. (ECF No. 21). On October 25, 2024, Mr. Gogna and Ms. Verma filed an opposition to the motion to dismiss. (ECF No. 24). On November 4, 2024, Mr. Mustafa filed a response to PHH's reply, without

seeking leave to file a sur-reply. (ECF No. 26). On November 12, 2024, PHH filed a reply to Mr. Gogna and Ms. Verma's opposition. (ECF No. 27). On November 18, 2024, PHH filed another reply regarding Mr. Mustafa's sur-reply (ECF No. 26). (ECF No. 30).

Plaintiffs have filed three motions. On October 22, 2024, Mr. Mustafa filed a motion requesting that certain allegations in the amended complaint be deemed admitted as to the Owners. (ECF No. 22). On October 24, 2024, the Owners filed an opposition requesting punitive damages for harassment. (ECF No. 23).

On November 14, 2024, Mr. Gogna and Ms. Verma filed a motion to strike PHH's most recent reply (ECF No. 28), and later that same day, PHH filed an opposition to the motion to strike (ECF No. 29). On November 29, 2024, Mr. Gogna and Ms. Verma filed a reply to PHH's opposition to the motion to strike (ECF No. 33).

On November 19, 2024, Mr. Gogna filed a motion requesting that PHH provide the requisite disclosure statement pursuant to Local Rule 103.3. (ECF No. 31). PHH filed its disclosure statement on November 20, 2024. (ECF No. 32).

## II. Motion to Strike

Mr. Gogna and Ms. Verma moved to strike PHH's reply (ECF No. 27), on the ground that it was untimely. (ECF No. 28). Mr. Gogna and Ms. Verma filed their response to PHH's motion to dismiss on October 25, 2024. (ECF No. 24). On October 29, 2024, the court notified Mr. Gogna and Ms. Verma that their opposition did not

contain a signature as is required by Fed.R.Civ.P. 11(a). Mr. Gogna and Ms. Verma supplemented their opposition with a signed version on October 29, 2024, and the court docketed the opposition the same day.

Local Rule 105.2.a provides parties fourteen days to file a response after service of the opposition. PHH filed its reply on November 12, 2024—exactly fourteen days after Mr. Gogna and Ms. Verma's opposition was docketed. (ECF No. 27). Thus, PHH's reply is timely and the motion to strike is denied.

## III. Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must provide enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The court may also "consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

Plaintiffs' complaint, filed *pro se*, is held to "less stringent standards than a formal pleading drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 127 (2007) (quoting *Estelle v.*

*Gamble,* 429 U.S. 97, 106 (1976)). The court has an obligation to construe pleadings of self-represented litigants liberally. *Id.* at 93-94. The court is not required, however, to "conjure up questions never squarely presented to them," or to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278-79 (4th Cir. 1985).

PHH argues that Plaintiffs fail to state a claim for a violation of the Truth in Lending Act ("TILA"), unjust enrichment, or declaratory judgment. (ECF No. 16, at 5). Additionally, PHH contends that the TILA claim is time-barred, that both the claim for unjust enrichment and the claim for declaratory judgment are barred under the doctrine of res judicata, and that all of the claims are barred by the *Rooker-Feldman* doctrine. (*Id.*). Because Plaintiffs' TILA claim is time-barred and Plaintiffs fail to state a claim under any count of the complaint, the court need not address whether Plaintiffs' claims are precluded by *res judicata* or the *Rooker-Feldman* doctrine.

### A. Truth in Lending Act Claim

Plaintiffs' TILA claim is time barred. The statute of limitations is an affirmative defense and must be raised and proven by the defendant. The TILA claim is only subject to dismissal if the time bar is apparent on the face of the complaint. *Strickland-Lucas v. Citibank, N.A.*, 256 F.Supp.3d 616, 626 (D.Md. 2017)

(quoting *Dean v. Pilgrim's Pride Corp.*, 395 F.2d 471, 474 (4th Cir. 2005)).  At the motion to dismiss stage, "[a] court may properly consider documents. . . 'attached to the complaint as exhibits.'" *Id.* (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)).

TILA is "an instrument of consumer protection" that "mandates a variety of disclosures pertaining to consumer credit and lending." *Barr v. Flagstar Bank, F.S.B.*, No. 13-cv-02654-RDB, 2014 WL 4660799, at *2 (D.Md. Sep. 17, 2014).  Plaintiffs allege that Defendants violated TILA by failing to "make sure that all terms of the loan" were disclosed to the lender and "to make sure that the documents matched all material terms of the loan[.]" (ECF No. 6 ¶¶ 52-53).  Plaintiffs further allege that "[t]he Defendants submitted documents that misrepresented the loan to the Plaintiffs." (*Id.* ¶ 25).  Plaintiffs never explicitly state to which loan they are referring, but they appear to be discussing the 2006 loan between Mr. Gogna and TBI.  (*Id.* ¶¶ 9, 25).

TILA provides a right of action for mortgage loan borrowers against "the original creditor, 15 U.S.C. § 1640, and assignees of that creditor, 15 U.S.C. § 1641." *Strickland-Lucas*, 256 F.Supp.3d at 626 (quoting *Chow v. Aegis Mortgage Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill. 2003)).  As an initial matter, Mr. Gogna is the only Plaintiff in this case with standing to bring a TILA claim against PHH.  "TILA confers a statutory 'right of action only on

a borrower in a suit against a borrower's creditor.'" *Hawkins v. Chick*, No. 09-cv-0661-DKC, 2009 WL 4017953, at *8 (D.Md. Nov. 17, 2009) (quoting *Mortenson v. Home Loan Ctr., Inc.*, 2009 WL 113483, at *2 (D.Ariz. Jan. 16, 2009) (quoting *Talley v. Deutsche Bank Tr. Co.*, 2008 WL 4606302, at *2 (D.N.J. Oct. 15, 2008))). Here, Mr. Gogna is the only Plaintiff who was a signatory to the loan documents, (ECF No. 1-2, at 2), and any TILA claim he could raise is time barred.

> As this court has explained:

> > The statute of limitations for claims for monetary damages arising under TILA is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). This limitations period begins to run when the borrower accepts the creditor's extension of credit. *Wachtel v. West,* 476 F.2d 1062, 1065 (6th Cir. 1973); *Davis* [*v. Wilmington Fin., Inc.*]*,* [No. PJM 09-1505,] 2010 WL 1375363, at *4 [(D.Md. Mar. 26, 2010)]; *Woodrow v. Vericrest Fin., Inc.,* No. AW-09-1612, 2009 WL 4348594, at *2-3 (D.Md. Nov. 30, 2009).

*Grant v. Shapiro & Burson, LLP*, 871 F.Supp.2d 462, 472 (D.Md. 2012). PHH raised the time-bar defense in the motion to dismiss (ECF No. 16, at 6-8). According to the loan documents attached to the initial complaint, Mr. Gogna received the loan from TBI on January 30, 2006. (ECF No. 1-2 at 2). Plaintiffs asserted the same timeline for the loan in their amended complaint. (ECF No. 6, at ¶¶ 8-9). Mr. Gogna, however, did not file the complaint in this action until August 13, 2024, more than fifteen years later. Accordingly, the TILA claim is time-barred and will be dismissed.

**B.  Unjust Enrichment Claim**

Plaintiffs' claim for unjust enrichment also fails.  To plead a claim of unjust enrichment under Maryland law, a plaintiff must allege:

> (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.

*Hill v. Cross Country Settlements, Inc.*, 402 Md. 281, 295 (2007) (citing *Berry & Gould, P.A. v. Berry,* 360 Md. 142, 151–52 (2000)).

Plaintiffs argue that "[t]here was no legal basis for selling the house." (ECF No. 6 ¶ 58).  Plaintiffs do not clarify whether they are referring to the 2012 foreclosure sale or the 2021 sale of the Property to the Owners.  In any event, Plaintiffs fail to allege any benefit conferred by them upon Defendants.

As indicated in the Trustees' Deed attached as an exhibit to Plaintiffs' original complaint, after Mr. Gogna defaulted on his loan payments, the holders of the Promissory Note directed the Property be sold.  (ECF No. 1-7, at 2).  In the subsequent foreclosure sale, the benefit of the Property was conferred on Deutsche Bank by the Substitute Trustees (*Id.*) as permitted by the Deed of Trust (ECF No. 1-2, at 4) and ratified by the state court (ECF No. 1-7, at 11).  In the 2021 sale PHH, acting as power of attorney for Deutsche Bank, sold the Property to Owners.  (ECF No.

1-9, at 2).   Plaintiffs were not involved in this sale in any capacity and therefore could not have conferred any benefit.   Thus, Plaintiffs have failed to state a viable claim for unjust enrichment, and the claim as to PHH will be dismissed.

### C.   Declaratory Judgment Claim

Plaintiffs attempt to raise a claim for a declaratory judgment for the "fraudulent transfer" of the Property.   (ECF No. 6, ¶ 62). "Declaratory judgment is appropriate where an actual case or controversy exists, and the declaratory relief sought would clarify or settle the legal issues involved, finalize the controversy, and offer relief from uncertainty." *Geist v. Hisp. Info. & Telecomms. Network, Inc.*, No. 16-cv-3630-PX, 2018 WL 1169084, at *7 (D.Md. Mar. 6, 2018) (citing *Amusement Indus., Inc. v. Stern*, 693 F.Supp.2d 301, 311 (S.D.N.Y. 2010)).   Further, "[w]hen declaratory relief would be duplicative of claims already alleged, dismissal is warranted." *Chevron U.S.A. v. Apex Oil Co.*, 113 F.Supp.3d 807, 824 (2015) (quoting *Sharma v. OneWest Bank, FSB,* No. 11-0834, 2011 WL 5167762, at *6 (D.Md. Oct. 28, 2011)).

Plaintiffs ask the court to declare that PHH had no legal basis for selling the Property, and to declare the 2021 sale of the Property to the Owners is "null and void."   (ECF No. 6, ¶¶ 61-62).   Plaintiffs do not seek any relief from the declaratory judgment that is separate from the relief sought in their unjust enrichment claim, and the validity of the 2021 sale has been

addressed at length.   Accordingly, the claim for a declaratory judgment is dismissed.

**D.    New Alleged Claims**

Plaintiffs, in their various oppositions to PHH's motion, largely fail to refute PHH's arguments.   Plaintiffs instead appear to raise multiple new allegations against PHH and Ocwen Loan Servicing LLC (PHH's predecessor, who is not a party in this case). (*See* ECF Nos. 18; 26).   Plaintiffs cannot, however, raise new claims without first moving for leave to amend the complaint. *Southern Walk At Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands LLC*, 713 F.3d 175, 184-85 (4th Cir. 2013); *J.O.P. v. U.S. Dep't of Homeland Sec.*, 338 F.R.D. 33, 64 (D.Md. 2020).   These new claims are not properly before the court and therefore will not be addressed.   It is well past time for any legitimate effort to amend the claims in this long running dispute, as prejudice to Defendants abounds and bad faith by Plaintiffs permeates their litigation tactics.

**E.    Claims Against Owners**

The court may *sua sponte* dismiss meritless claims against nonmoving parties where Plaintiffs have had an opportunity to argue the legal sufficiency of their claims.   *See J & J Sports Prods., Inc. v. Mayreal II, LLC*, 849 F.Supp.2d 586, 592 (D.Md. 2012) (granting a motion to dismiss as to all defendants because the claims against the nonmoving defendant were "indistinguishable"

14

from those against the moving defendant, and because "plaintiff [had] a full opportunity to brief the sufficiency of the allegations and, as a matter of law, they [were] equally deficient as to [the nonmoving defendant]"); *Wright v. Donegal Ins. Cos.*, No. 06-cv-827-WDQ, 2006 WL 4748707 (D.Md. June 7, 2006), *aff'd*, 223 F.App'x 201 (4th Cir. 2007) (dismissing claims *sua sponte* against nonmoving defendants because another defendant's motion to dismiss raised defects that applied equally to all claims).

Although only PHH has filed a motion to dismiss, its motion raises defects that apply to all Defendants, including the Owners who are proceeding *pro se*. Plaintiffs have failed to distinguish how their claims relate to each Defendant, and all of the reasons discussed above for dismissing the claims as they relate to PHH apply to the claims as they relate to the Owners. (*See, e.g.*, ECF No. 6 ¶¶ 52-54, 59).

Further, Plaintiffs had an opportunity to argue the legal sufficiency of their claims. PHH's motion to dismiss argues that Plaintiffs' claims should be dismissed as they relate to all Defendants. (ECF No. 16, at 13 ("Defendant PHH Mortgage Corporation requests the Court grant its Motion to Dismiss and enter an Order dismissing Plaintiffs' Complaint in its entirety, with prejudice[.]")). Plaintiffs, in their oppositions, had a fair opportunity to respond to these arguments and provide support

for their claims. (*See* ECF Nos. 18; 24). Accordingly, all claims against the Owners will be dismissed.

## IV.  Motion to Admit the Allegations in the Amended Complaint

Mr. Mustafa has filed a motion to admit the allegations in the amended complaint on the basis that the Owners' answer does not deny certain allegations pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 22). Because all of the claims against Defendants will be dismissed, this motion will be denied as moot.

## V.  Motion Requesting Corporate Disclosures

On November 19, 2024, Mr. Gogna filed a motion requesting that PHH provide the requisite disclosure statement pursuant to Local Rule 103.3. (ECF No. 31). PHH filed the required disclosure statement one day later. (*See* ECF No. 32). Accordingly, Mr. Gogna's motion will be denied as moot.

## VI.  Conclusion

For the foregoing reasons, PHH's motion to dismiss will be granted, Mr. Mustafa's motion to admit will be denied as moot, Mr. Gogna and Ms. Verma's motion to strike will be denied, and Mr. Gogna's motion requesting corporate disclosures will be denied as moot. A separate order will follow.

        /s/
_____
DEBORAH K. CHASANOW
United States District Judge
