IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| RAVI GOGNA, et al. | : | |
| | : | |
| v. | : | Civil Action No. DKC 24-2346 |
| | : | |
| PHH MORTGAGE CORPORATION, et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this long-running property dispute are the motions for reconsideration filed by Plaintiff Kamal Mustafa, (ECF No. 37), and Plaintiffs Ravi Gogna and Madhu Verma, (ECF No. 38).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motions for reconsideration will be denied.

## I.   Background

The relevant factual background in this case is set out in a prior opinion.  (ECF No. 35).  Plaintiffs seek reconsideration of this court's August 29, 2025, order dismissing Plaintiffs' amended complaint against Defendants PHH Mortgage Corporation ("PHH"), Jacques Francois, and Nadia Allen with prejudice.  (ECF No. 36).

## II.  Standard of Review

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment after its entry.[1]  "Reconsideration is an 'extraordinary remedy,' to be used 'sparingly,' available on only three grounds: 1) an intervening change in controlling law; 2) previously unavailable evidence; or 3) to correct a clear error of law or prevent manifest injustice."  *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting and citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  "A prior decision does not qualify for this third exception by being 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978, at *5 n.6 (4th Cir. 1995)).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148 F.3d at 403 (internal

---

[1] A motion for reconsideration under Rule 59(e) must be filed "no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e); *Mian v. LoanCare Servicing Co.*, No. 21-cv-2419-DKC, 2022 WL 1663567, at *1 (D.Md. May 25, 2022).  The order dismissing the amended complaint against all Defendants was entered on August 29, 2025.  (ECF No. 36).  Plaintiffs' motions were filed on September 26, 2025, 28 days after the entry of judgment, and are therefore timely.

quotation marks omitted) (quoting 11 Charles A. Wright, et al., *Federal Practice & Procedure* § 2810.1 (2d ed. 1995)).  Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding."  *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)).

## III. Analysis

In their nearly identical motions for reconsideration, Plaintiffs argue that "the Court's Order dismissing all claims contains clear errors of law and fact that have resulted in manifest injustice."  (ECF Nos. 37, at 2; 38, at 2).  None of Plaintiffs' arguments approach the high bar for reconsideration under this standard.

### A.   Tolling the TILA Claim

Plaintiffs first argue that the court erred by not considering tolling doctrines related to their Truth in Lending Act ("TILA") claim.  (ECF Nos. 37, at 3; 38, at 3).  After PHH pointed out that "Plaintiffs failed to present *any* argument in response [to] PHH's argument the TILA claim was time-barred during briefing," (ECF No. 39, at 4 n.2) (emphasis added), Mr. Mustafa included a single cryptic sentence about these claims in his reply: "Sorry, there is no need to get into discussion of . . . [the] TILA violation," (ECF No. 40, at 1).  Mr. Gogna and Ms. Verma do not mention TILA

in their reply, even though this court previously determined that Mr. Gogna is the only Plaintiff with standing to bring the TILA claim.  (ECF No. 35, at 10).  Plaintiffs do not seek to overturn this determination; accordingly, only Mr. Gogna may seek reconsideration on the tolling ground. Mr. Gogna was on notice that the TILA claim was potentially time-barred when PHH filed its motion to dismiss, and he has provided no reason why he did not advance any argument about tolling doctrines during the motion to dismiss briefing.  A Rule 59(e) motion cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment."  *Pac. Ins. Co.,* 148 F.3d at 403.  Reconsideration is denied on this ground.

### B.   Unjust Enrichment

Plaintiffs next assert that the court erred in dismissing their unjust enrichment claim because the "amended complaint alleged" benefits conferred upon Defendants, namely "[p]ayments made on the mortgage prior to the foreclosure; [i]mprovements made to the Property that increased its value; [t]he equity built up in the Property over time, which Defendants captured through the allegedly improper foreclosure and subsequent sale."  (ECF Nos. 37, at 4; 38, at 4-5).  The amended complaint does not identify any of these assertions as benefits.  (*See* ECF No. 6, at 9-10). The unjust enrichment claim was dismissed because "Plaintiffs

4

fail[ed] to allege any benefit conferred by them upon Defendants" in their operative complaint.  (ECF No. 35, at 12).  Once again, Plaintiffs do not explain why they could not have included these alleged benefits in their amended complaint or earlier briefing. Reconsideration is denied on this ground.

    **C.    Claims Against Jacques Francois, Nadia Allen**

Plaintiffs argue that it was error for the court to dismiss the claims against Defendants Mr. Francois and Ms. Allen when they did not move to dismiss the claims.  (ECF Nos. 37, at 5-6; 38, at 5-6).  In their motions, Plaintiffs acknowledge that the court "has authority to dismiss claims sua sponte against non-moving defendants," (ECF Nos. 37, at 5; 38, at 5), but argue that they did not have notice or an opportunity to respond.  In support, they state "the claims against [Mr. Francois and Ms. Allen] may involve different legal and factual considerations than those against PHH."  (ECF Nos. 37, at 6; 38, at 6).  Plaintiffs provide no reason why they could not have articulated any specific legal or factual arguments against Mr. Francois or Ms. Allen in their operative complaint.  The complaint made no effort to distinguish the claims against the different defendants, such that the same deficiencies in the claims applied equally to all defendants.  *See J & J Sports Prods., Inc. v. Mayreal II, LLC*, 849 F.Supp.2d 586, 592 (D.Md. 2012).  Reconsideration will be denied on this ground.

### D.   Amending the Complaint

Finally, Plaintiffs argue that they should have received the opportunity to amend their complaint rather than have their claims dismissed with prejudice.  (ECF Nos. 37, at 6; 38, at 6).  This argument is also insufficient to grant reconsideration. Plaintiffs failed to move for leave to amend during the motion to dismiss briefing, even when on notice of possible deficiencies in their (already amended)[2] complaint.  Plaintiffs claim, without support, that "[u]nder Fourth Circuit precedent, a district court must afford a plaintiff an opportunity to amend a complaint before dismissing it with prejudice, particularly when the plaintiff is proceeding pro se."  (ECF Nos. 37, at 7; 38, at 6).  In fact, courts in this circuit often dismiss cases with prejudice for failure to state a claim without granting an opportunity to amend, particularly when litigants do not request leave to amend.  *See, e.g.*, *Agbi v. 7 Eleven Corp. Off.*, No. 25-cv-656-DKC, 2025 WL 3237442 (D.Md. Nov. 20, 2025) (dismissing *pro se* plaintiff's complaint without leave to amend where plaintiff did not request leave to amend); *Lewis v. Didlake, Inc.*, No. 25-cv-1015-DKC, 2026 WL 233980, at *7 (D.Md. Jan. 29, 2026) (dismissing *pro se*

---

[2] Plaintiffs filed the operative amended complaint, (ECF No. 6), six days after filing their original complaint, (ECF No. 1). Any additional amendment would have required Defendants' consent or the court's leave.  FRCP 15(a).

plaintiff's complaint and denying leave to amend); *cf. Hodge v. Coll. of S. Md.*, 121 F.Supp.3d 486, 493 (D.Md. 2015) ("[W]hile courts generally should hold *pro se* pleadings 'to less stringent standards than formal pleadings drafted by lawyers,' they may nonetheless dismiss complaints that . . . fail to allege sufficient facts under a cognizable legal theory.") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  *Pro se* plaintiffs remain subject to the same pleading standards as represented litigants, and district courts are not required to consider "obscure or extravagant claims defying the most concerted efforts to unravel them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  Additionally, even if Plaintiffs had moved to amend, the court may deny such a motion when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  *Steinburg v. Chesterfield Cnty. Plan. Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (internal quotation marks omitted) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).  As this court previously stated, "[i]t is well past time for any legitimate effort to amend the claims in this long running dispute, as prejudice to Defendants abounds and bad faith by Plaintiffs permeates their litigation

tactics."[3]   (ECF No. 35, at 14).   Reconsideration is not warranted on this basis.

## IV.   Conclusion

For   the   foregoing   reasons,   Plaintiffs'   motions   for reconsideration will be denied.   A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[3] Plaintiffs have been working for years to cast doubt on the true ownership of this property, to no avail.   *See, e.g., Verma v. Deutsche Bank Tr. Co.*, No. 18-cv-3772-PWG, 2019 WL 3975458, at *2 (D.Md. Aug. 22, 2019) ("Ms. Verma . . . argues that the note, which features the 'Black Kettle Court' address, '[did] not attach' to the Black Kettle Drive property and never was assigned to Deutsche Bank along with the deed of trust. This argument is neither logical nor relevant." (alteration in original) (citation omitted)), *aff'd sub nom., Verma v. Deutsche Bank Tr. Co. as Tr. of IndyMac INDX Mortg.*, 813 F.App'x 150 (4th Cir. 2020); *Verma v. State*, No. 1391, Sept. Term, 2024, 2025 WL 3123645, at *1 (Md.App.Ct. Nov. 7, 2025) ("This is the latest in a series of cases in which a group of putative homeowners attempts to relitigate the ramifications of a foreclosure sale that was ratified in 2013.").